# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| vs. ) | **CRIMINAL ACTION 10-00267-KD** |
| **RONALD ANDREW COUNSELMAN**) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the defendant's "Unopposed Motion to Continue Trial" (doc. 14), filed January 10, 2011. Defendant seeks a continuance of this case to the March 2011 trial term on the grounds, in sum, that certain evidence critical to counsel's trial preparation is currently in the possession of the Alabama Bureau of Investigation in Montgomery, Alabama and the parties are "in the process of sending a clean hard drive to the ABI…for copying of the alleged contraband…for review by the defense." (Doc. 14 at 2)[1] AUSA Sean Costello represents that the United States does not oppose a continuance to the March 2011 term.

Upon consideration of the motion, the Court finds that pursuant to 18 U.S.C.

---

[1] As additional grounds, counsel states that "[d]efendant is attempting to retain private counsel, Jay Kimbrough, to represent him in this case…[and] [t]he issue of who is the Defendant's counsel is, therefore, yet unresolved." (Doc. 14 at 2) Counsel also notes that Mr. Kimbrough "may shortly file an

§ 3161(h)(7)(A), "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." Specifically, the Court finds that the defendant's request for a continuance in order to obtain and review outstanding discovery and for trial preparation is reasonable under the circumstances. See 18U.S.C.§ 3161(h)(7)(B)(iv) (requiring consideration of whether failure to grant a continuance "would deny counsel for defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.")

For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C.A. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").

This continuance is contingent upon defendant filing a written waiver of his right to a speedy trial signed by both defendant and his counsel not later than **January 18, 2011**. Accordingly, provided that if defendant files his waiver of speedy trial, the motion to continue trial is **GRANTED** and this case is continued to the **March 2011** criminal trial term with jury selection to be held on **February**

---

appearance [on behalf of the defendant]." Id.

**28, 2011.**

The Clerk of the Court is directed to refer this matter to Magistrate Judge Bert W. Milling, Jr. to set a pretrial conference in February 2011.

**DONE** and **ORDERED** this 11<u>th</u> day of January 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE**