IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.: 10-00267-KD |
| | * | |
| RONALD COUNSELMAN, | * | |
| | * | |
| Defendant. | * | |

### ORDER CONTINUING TRIAL AND REQUIRING THE PRODUCTION OF DISCOVERABLE INFORMATION

A pretrial conference was held in this action on March 15, 2011 with a follow-up conference on March 21, 2011, pursuant to Fed.R.Cr.P. 17.1, SD ALA LR 72.2(b)(2) (June 1, 1997) and the Court's internal operating policy relating to criminal cases.[1] Those participating in the conference were James Kimbrough, Esquire, retained counsel for Mr. Counselman, and Assistant United States Attorney Sean Costello. It is determined that this action is **not ready** for trial and is before the court on consideration of the discovery problems identified by counsel for the Defendant and Defendant's oral motion for a continuance of the current trial setting.

    A.    **Schedule for Completion of Discovery**.

An indictment was filed on November 24, 2010 charging Mr. Counselman with two counts of receipt and distribution of child pornography in violation of 18 U.S. C. § 2256(8)(A). Counsel was appointed on December 23, 2010 and Counselman was arraigned on the same day. Trial continuances were then granted on two occasions, January 12, 2011 and

---

[1] Copies of the Local Rules and the Court's internal operating policy are available in the Clerk's Office.

February 9, 2011 (Docs. 15 & 20). The primary reasons for the continuances were the inability of the parties to obtain discovery in the possession of the Alabama Bureau of Investigation and Defendant's continuing attempts to retain counsel. Because the efforts to provide all discovery to the Defendant in time to prepare for trial have failed, it is necessary to enter a specific schedule for finalizing production by the Government and for a possible reciprocal production by the Defendant.

The information not yet provided, but clearly discoverable in this case, is an unredacted copy of the forensic examination of the Defendant's computer performed by an expert for the Alabama Bureau of Investigation and presently in the custody of that agency. Mr. Costello advised that seven additional days would be sufficient for the production of this information. Accordingly, the Government shall produce the forensic examiner's report in such a manner as to provide access to the original pictures reviewed by the expert in completing his report, not later than **March 28, 2011**.

Thereafter, Mr. Kimbrough shall coordinate the review of this information by his expert, who is located in North Carolina, to be completed later than **April 22, 2011**. An expert report, if prepared, shall then be shared with Mr. Costello not later than **May 6, 2011** in advance of the pretrial conferences to be held by Judge Nelson on May 9-10, 2011.

B. **Trial Continuance**.

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the June 2011 criminal term; therefore, the Defendant's oral motion is **GRANTED** and the trial is **CONTINUED** to the June 2011 criminal trial term.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this decision is as follows. As discussed above, discovery is not complete in this action where it is alleged that the Defendant possessed and distributed child pornography. Regardless of where the fault lies for late production of discovery, it is clear that the defendant needs more time for his newly-retained attorney[2] and expert to view critical evidence that will be presented in the Government's case in chief. This is admitted by counsel by the Government and he does not object to the schedule imposed herein to complete discovery or to the resetting of the trial into the June term.

Under the circumstances, it is appropriate to allow the Defendant more time to obtain all discoverable information from the Assistant United States Attorney and for an opportunity to have his potential expert witness review same. Considering the fact that the Defendant may be required to share the findings of his expert with counsel for the Government, it is reasonable to believe that the entire process, if necessary, cannot be completed until May 6, 2011. Thus, a realistic setting for the trial is the June 2011 term. The Court has been assured that this schedule will work and that counsel will do everything within their power to have this case ready for trial not later than the pretrial conferences set for May 9-10, 2011.

Counsel has proffered valid reasons for an extension of the pretrial preparation period in order to provide the Defendant more time to complete discovery and a reasonable time to consider a settlement of the charges or to otherwise prepare for trial. See 18 U.S.C.

---

[2] Mr. Kimbrough appeared as retained counsel on March 2, 2011 (Doc. 23) and after diligent search was able to find an expert in North Carolina willing to serve in this action. The expert's availability is also a factor in the decision to grant the Defendant's motion for a continuance of the trial date.

§ 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Mr. Counselman shall file a confirmation that he agrees with the resetting of this trial into the June 2011 term, thus waiving any Speedy Trial rights to a trial in the April and May criminal terms. His waiver is to be filed not later than **March 28, 2011**. The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 22nd day of March, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**